## Case No. 2,363.

### CAMPBELL v. KIRKPATRICK.

[5 McLean, 175.][1]

Circuit Court, D. Ohio. Oct. Term, 1850.

DISTRICT COURTS—CRIMINAL JURISDICTION—FUGITIVE SLAVE ACT.

1. The 7th section of the fugitive act of 1850 [9 Stat. 464] creates new offenses and penalties.

2. Jurisdiction is given to the district court of the United States, both in the criminal and civil prosecutions under the act.

3. As the circuit court has no jurisdiction originally, in a criminal procedure under the statute, it seems not to come within the provisions of the act of 1846 [9 Stat. 72] authorizing transmissions to be made, of indictments from the district to the circuit court.

4. The act of 1846 does not relate to civil prosecutions.

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

[At law. Action by John P. Campbell against Samuel Kirkpatrick to recover a penalty under the fugitive slave act of 1850.]

Mr. Chambers, for plaintiff.

OPINION OF THE COURT. A motion was made to dismiss this cause, on the ground that jurisdiction is given to the district court. The 7th section of the fugitive act of 1850, provides, that if any person shall knowingly and willingly obstruct, hinder, or prevent a claimant, his agent or attorney, or any person or persons lawfully assisting him, from arresting such a fugitive from service or labor, either with or without process as aforesaid, or shall rescue, or attempt to rescue such fugitive, or shall aid, abet or assist such person so owing service or labor as aforesaid, directly or indirectly, to escape from such claimant, his agent or attorney, or other person or persons legally authorized as aforesaid, or shall harbor or conceal such fugitive, so as to prevent the discovery, and arrest of such person, after notice or knowledge of the fact that such person was a fugitive from service or labor, shall, for either of said offenses, be subject to a fine not exceeding one thousand dollars, and imprisonment not exceeding six months, by indictment and conviction before the district court of the United States, for the district in which such offense may have been committed, or before the proper court of criminal jurisdiction, if committed within any of the organized territories of the United States; and shall moreover forfeit and pay, by way of civil damages to the party injured by such illegal conduct, the sum of one thousand dollars, for each fugitive so lost as aforesaid, to be recovered by action of debt, in any of the district or territorial courts aforesaid, within whose jurisdiction the said offense may have been committed. The provisions of this statute are explicit, both as regards the prosecution by indictment for the offense stated, and also the prosecution of a civil action for the thousand dollars penalty for each slave that escapes, through the interference of the defendant, as the statutory damages to be recovered. The jurisdiction is given to the district court and not to the circuit court. The motion for a dismissal is, therefore, granted.

At the time the above decision was made, the court was not aware that a different decision had been made in the New England circuit, and, perhaps also, in the southern district of New York. Those decisions, it is understood, were made chiefly under an act to regulate the proceedings in the circuit and district courts of the United States, and for other purposes, passed the 8th of August, 1846. The 2d section of that act provides, that "whenever the district attorney shall deem it necessary, it shall be lawful for any circuit court, in session, by order entered on its minutes, to remit to the next term or

session of the district court of the same district, any indictment pending in the said circuit court, when the offense or offenses therein charged may be cognizable by the said district court; and in like manner it shall be lawful for any district court to remit to the next term or session of the said circuit court of the same district, any indictment pending in the said district court; and such remission shall carry with it all recognizances, processes, and proceedings in the case in the court from which the remission is made; and the court to which such remission is made, shall, after the order of remission is filed therein, act and proceed in the case, as if the indictment, and all other proceedings in the same, had been originated in said court." The 3d section provides, "that the district court may remit to the circuit court, any indictment pending in said district court, when, in the opinion of the court, difficult and important questions of law are involved in the case; and the proceedings thereupon shall, thereafter, be the same in the circuit court, as if such indictment had been originally found and presented therein."

The above provisions would seem to have no application to a civil case. They apply to indictments, and to cases of which the circuit and district courts have concurrent jurisdiction. The third section provides that the case remitted from the district to the circuit court shall be prosecuted "as if such indictment had been originally found and presented therein." Now this could not be said of a case in which the circuit court had no original jurisdiction. By the above statute the criminal jurisdiction of the district court was enlarged, so as to make it concurrent with the circuit court; and the remissions from one circuit to the other were intended to facilitate the public business. But the statute applies only to criminal cases. The fugitive law creating the offense stated, was passed four years after the law authorizing remissions of indictments from the one court to the other, and the jurisdiction is given to the district court. The circuit court has no jurisdiction under the act creating the offense, and it does not, therefore, come within the provisions of the act of 1846. That act created no new jurisdiction in either court, but merely provided for an exchange of jurisdictions which was vested in each. It therefore would seem to be clear that an indictment under the fugitive law, of which the district court has jurisdiction expressly given, and of which the circuit court has no jurisdiction under the act, cannot be transmitted to and tried by the circuit court. And as the act of 1846 is limited to criminal cases, it can have no application to civil actions, brought for the penalty under the act.